Keating, J. (concurring).
I believe that the issuance of the warrant to retake the defendant as a parole violator—based upon reasonable grounds to believe that he had returned to his criminal ways — commenced a criminal or quasi-criminal proceeding. As a result, any evidence obtained from interrogation undertaken after the issuance of the warrant could not be used against the defendant in that proceeding. It does not follow, however, that statements made to officers engaged in a criminal proceeding of a different nature should be excluded.
The rule which requires the exclusion of statements made without the assistance of counsel after the commencement of formal proceedings arises out of a weighing of the rights of a defendant against the necessity for police investigation of criminal conduct. As a practical matter statements obtained after the formal commencement of proceedings are no more compelled than those taken before the commencement of such proceedings. (Compare Hoffa v. United States, 385 U. S. 293, 309-310, with Massiah v. United States, 377 U. S. 201.) The statements taken after an indictment has been handed down or an information filed are excluded because it is felt that, once the investigation has proceeded to the point where the authorities are secure in instituting formal proceedings, due process requires that the defendant should be assigned counsel to protect his rights and that any statement given without the advice of counsel should be deemed compelled as a matter of law.
In the instant case, the crucial distinction between the parole revocation proceeding and the proceeding in relation to which *543 the police interrogated the defendant is not that one is criminal and the other not, but rather arises out of a difference in the nature of the fact-finding proceeding which each entails.
Thus, as far as the parole authorities were concerned, the statements of the defendant’s accomplices implicating the defendant in the robbery in question—the only evidence independent of the confession — would be sufficient to sustain a revocation of parole and, hence, the institution of formal proceedings. On the other hand, such information would clearly be insufficient by itself to sustain criminal prosecution (Code Crim. Pro., § 399). Therefore, the police might have wanted to continue their investigation further before initiating formal proceedings. (Cf. Hoffa v. United States, supra.) The mere fact, therefore, that formal proceedings were commenced to revoke the defendant’s parole should not hinder the ordinary investigation of the defendant’s part in criminal activity and preclude questioning with regard to the robbery.
The suggestion implicit in the dissenting opinion that the issuance of the parole revocation warrant was simply a device to avoid obtaining an arrest warrant is simply not borne out by the record. At the time the events in question took place, it was well settled that it was not “ a violation of an arrested person’s privilege against self-incrimination for the authorities to question him before his arraignment or indictment, for until arraignment or indictment no criminal prosecution has been formally commenced against him ” (Richardson, Evidence [9th ed., Prince, 1964], § 533b, p. 545; italics supplied).
Under these circumstances, I would hold that the statements made are admissible (see People v. Stanley, 15 N Y 2d 30).
The judgment of conviction should be affirmed.